**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4541**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

GEROME FRIPP,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-00275-RBH-1)

Submitted:  December 28, 2009       Decided:  January 25, 2010

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

D. Craig Brown, Florence, South Carolina, for Appellant.  Rose
Mary Sheppard Parham, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerome Fripp pled guilty to using and carrying a firearm during a drug trafficking offense, which resulted in the murder of Vincent Wilson, and aiding and abetting another person in the crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A), (j) (2006).  The district court sentenced Fripp to twenty-five years of imprisonment, based upon the parties' stipulation in the plea agreement.  See Fed. R. Crim. P. 11(c)(1)(C).  On appeal, counsel has filed an Anders[*] brief, stating that there are no meritorious issues for appeal but suggesting that the district court failed to comply with Fed. R. Crim. P. 11 in accepting Fripp's guilty plea.  Fripp has filed a pro se supplemental brief challenging the voluntariness of his guilty plea and asserting that counsel provided ineffective assistance.  The Government has moved to dismiss the appeal based upon Fripp's waiver of appellate rights.  We affirm in part and dismiss in part.

Although counsel identifies no error in the plea colloquy, Fripp asserts in his pro se supplemental brief that he did not knowingly and voluntarily enter his guilty plea.  Our review of the record leads us to conclude that the district court ensured Fripp's guilty plea was knowing and voluntary and

[*] Anders v. California, 386 U.S. 738 (1967).

2

supported by a sufficient factual basis.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).  Thus, Fripp's claim that his guilty plea was involuntary is belied by his sworn statements at the plea hearing.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Moreover, the district court substantially complied with Rule 11 in accepting Fripp's plea, and the court's failure to inform Fripp that "the agreed disposition will be included in the judgment," see Fed. R. Crim. P. 11(c)(4), did not amount to plain error.  See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (providing standard of review).

Turning to the Government's assertion that Fripp waived the right to appeal his conviction and sentence, a defendant may waive the right to appeal if that waiver is knowing and intelligent.  United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007).  Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).  Our de novo review of the record convinces us that the waiver-of-appellate-rights provision in the plea agreement is valid and enforceable.  See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (stating standard of review).

With regard to the scope of the waiver, Fripp's challenge to the voluntariness of his guilty plea is not barred by the waiver provision. We therefore deny the Government's motion to dismiss in part and affirm the conviction on the ground that Fripp voluntarily entered his guilty plea. Although Fripp does not challenge his sentence on appeal, any sentencing claim that would have been revealed by our review pursuant to Anders is barred by the waiver-of-appellate-rights provision in the plea agreement. We therefore grant the Government's motion to dismiss in part and dismiss this portion of the appeal.

Finally, Fripp asserts in his supplemental pro se brief that counsel provided ineffective assistance. Because this claim falls within the exception to the waiver-of-appellate-rights provision in the plea agreement, Fripp may raise it on appeal. However, "[i]neffective assistance claims are generally not cognizable on direct appeal . . . unless it conclusively appears from the record that defense counsel did not provide effective representation." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Counsel's ineffectiveness does not conclusively appear from the record. We therefore find that Fripp's ineffective assistance claims are not cognizable on direct appeal.

In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues not

4

covered by the waiver and have found none.  We therefore affirm Fripp's conviction and dismiss the appeal of his sentence.  This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

5